**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **DOCKET NO. 19-cr-363-1** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **MARQUEL DEVON ROBINSON** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Defendant, Marquel Devon Robinson, ("defendant") is charged by indictment with three counts of possession with intent to distribute controlled substances on or about February 15, 2019, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. 1. Defendant and his mother, Savannah Robinson, were arrested that date on state charges following a search conducted by the Lake Arthur Police Department ("LAPD"). State charges remain pending against Mrs. Robinson.

Defendant filed a Motion to Suppress seeking exclusion of certain evidence accumulated, including statements made by him at the headquarters on the date of arrest. Doc. 25. Hearing began March 10, 2020, with the government adducing the testimony of Detective Coy Guidry and Chief Kobi Turner with the LAPD. Both officers were asked about the existence (or lack thereof) of video recordings made by the LAPD in its headquarters at the time in question which might or might not substantiate the version of events as relayed by the officers. After the officers testified the defendant sought to call his mother as a witness but we interrupted the hearing at that time as no attorney was present to counsel her on the advisability of her taking the stand while charges remain pending against her. The hearing was continued to March 16, 2020, to allow Mrs. Robinson to consult with her counsel before proceeding further.

On March 11, 2020, defendant filed a sealed motion for leave of court to issue a Subpoena Duces Tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Doc. 38. The proposed subpoena was directed to Chief Kobi Turner and/or the Custodian of Records for the LAPD to provide items described in Exhibit "A" to the subpoena which included video recordings of the areas of the LAPD where defendant and his mother had been questioned on February 15, 2019, (subparagraph I of the attachment), identification of the custodian who collects recordings for the LAPD, (subparagraph II of the attachment), and a complete copy of LAPD policy concerning "Digital Mobile Video/Audio Recording – including dash cameras – that was in effect **between February 1, 2019 and March 1, 2019**" (subparagraph III of the attachment, emphasis in original). Doc. 38, att. 3. With respect to subparagraph III of the attachment and in the event no policy existed to be produced, then the recipient was asked to produce a statement answering certain specific questions set forth therein.

In support of his motion requesting the subpoena defendant argued that the information sought was "relevant to potential motions and to the potential trial because these audio and video recordings will tell the truth about what happened during the investigation and the search." Doc. 38, att. 1, p. 5. Defendant argued the recordings are relevant and probative and "may contain exculpatory information that is necessary for Mr. Robinson to have a fair trial." *Id.* The order was granted allowing the subpoena as requested and mandating the material be produced to the Federal Public Defender's Office on or before March 20, 2020. Doc. 45, p. 7. The hearing resumed as scheduled on March 16, 2020, and, at termination of the hearing, the record was left open for, *inter alia*, the defendant to introduce evidence it received as a result of the subpoena if he deemed that introduction necessary.

On March 23, 2020, the government filed a Motion to Quash or Vacate Part IIII to Attachment A of the Subpoena Duces Tecum, specifically the part that required the recipient to create a statement answering specific questions found on the attachment. Doc. 47. The government argues that this portion of the subpoena is an "impermissible attempt as a discovery tool and an impermissible means to obtain impeachment information," relying on *Bowman Dairy Co. v United States*, 71 S.Ct 675, 679 (1950) and *United States v. Nixon*, 94 S.Ct. 3090, 3108 (1974). Doc. 47, p. 2. In response the defendant argues that the government lacks standing to bring the motion as it is addressed to a third party who is not represented by the government and that, even if it had standing, the subpoena is a valid exercise of the right to seek a subpoena under Federal Rules of Criminal Procedure rule 17. Doc. 50. The government argues in response that it has standing to challenge the subpoena because it is a party to the litigation whose legitimate interests are affected by the subpoena but also notes that, regardless of its standing to object, this court has an "independent duty to review the propriety of the subpoena . . .," quoting *United States v. Binh Tang Vo.*, 78 F.Supp. 3d 171, 176 (D.D.C. 2015). Doc. 53, p. 2.

Rule 17(c) of the Federal Rules of Criminal Procedure does allow for "books, papers, documents, data, or other objects" to be subpoenaed in a criminal proceeding but also provides the court may quash or modify a subpoena if compliance would be "unreasonable or oppressive." F.R.Cr.P. art. 17(c)(1), (2). The party requesting the documents bears the burden of showing good cause for production before trial or hearing, i.e. that the evidence sought is relevant, admissible, and has requested with sufficient specificity. *United States v. Hankton*, 2014 WL 688963 (E.D. La. 2014), relying upon *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)(providing the requirement that the evidence sought be relevant, admissible, and requested with sufficient specificity, paraphrasing one threshold requirements enunciated in *Nixon,* 94 S.Ct. at 3102) and

*United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)(placing the burden on the party requesting documents).

Considering the standing issue first we refer to *United States v. McClure*, 2010 WL 3523030 (E.D. La. 2010), where the court was faced with a similar question of appropriateness of the government to challenge a non-party subpoena. The court there stated as follows:

> "Party has standing to move to quash subpoena addressed to another if subpoena infringes on movant's legitimate interest." *United States. v. Raineri,* 670 F.2d 702, (7th Cir.1982). "The prosecution's legitimate interests in quashing include preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on the witness's credibility." *United States v. Segal,* 276 F.Supp.2d 896, 900 (N.D.Ill.2003). Here, the prosecution has made no showing that compliance with the subpoena would result in undue delay, harassment, or prejudicial over-emphasis on witness credibility.

*Id.* at *3. The government here has likewise made no such showing and therefore has no standing to bring this motion.

The government is correct, however, that the court has its own obligation under Rule 17 to assess the appropriateness of a subpoena. "The burden is on the court to see that the subpoena is good in its entirety and is not upon the [subpoenaed party] to cull the good from the bad." *Hankdton*, supra, at *2. We should have done a better job of examining that which was being requested before we allowed the defendant to require the LAPD produce all information listed on its attachment.

In *United States v. Williams*, 2007 WL 2287819 (E.D. La. 2007), and *McClure*, supra, the government sought to quash subpoenas by defendants seeking production of documents in the possession of local law enforcement. The *McClure* court, agreeing with *Williams*, found the information to be relevant insofar as the prosecution was relying on the testimony of police officers and the information sought would pertain to their credibility. *Williams*, supra, at *1. Additionally,

evidence concerning the credibility of the officers would be admissible under Federal Rules of Evidence rule 608(b) as probative of the truthfulness or untruthfulness of a witness. Just as was the case in *McClure*, the information sought by the defendant is sufficiently specific to prevent any "undue burden or delay associated with vague or excessively broad subpoena requests." *McClure* at *2.

*Nixon*, supra, mandates other considerations (besides relevance) that a court must consider when determining whether to require pre-trial (or, in this case, pre-hearing) production of documents and those are that the material is not otherwise reasonably procurable in advance of trial (or hearing), the party cannot properly prepare without such production, and the application is made in good faith and is not intended as a general "fishing expedition." *Nixon*, 94 S.Ct. at 3103. Applying that standard to the request for production of the video and the procedure manual we find the subpoena to be appropriate as each may bear on the credibility of the officers in question, there was no other reasonable mechanism by which defendant could procure the information insofar as it is in the possession of the LAPD, not the government, it is necessary so that the defendant can make his case with respect to the Motion to Suppress and perhaps thereafter at trial, and it is made in good faith.

We do not reach the same conclusion, however, with respect to any request found in the Attachment to the subpoena that would require the LAPD to prepare a statement. This would include the request in subparagraph II asking the recipient to "identify the relevant custodian who collects and maintains recordings" from the LAPD video cameras and that portion of subparagraph III requesting answers to specific questions in the event a copy of the department's video policy does not exist. A subpoena duces tecum is for production of for "books, papers, documents, data,

or other objects" ***that already exist***. Nothing in Rule 17 allows it to be used to require the recipient of a subpoena to create a document that does not already exist.

For the foregoing reasons and after conducting the review of the information requested by defendant in the manner we should have done when originally requested, we will issue a separate order amending our previous order to specify that the recipient is relieved of any responsibility to produce any statement. Otherwise the subpoena is to be complied with as issued on dates set forth on that separate order. The Motion to Quash filed by the government is **DENIED.**

THUS DONE this 8th day of May, 2020.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE